FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 AUG 13 A 11:30
CLERK _PCL_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RONALD T. JONES,

Plaintiff,

v.

CIVIL ACTION NO.: CV513-001

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold ("the ALJ") denying his claim for disability insurance benefits. Plaintiff urges the Court to reverse for an award of benefits, or in the alternative remand the ALJ's decision for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application for disability insurance benefits on April 7, 2008, alleging disability beginning on January 20, 2006. (Doc. No. 6-2, p. 19). Plaintiff alleges he became disabled due to Crohn's disease and its side effects. (Id. at p. 20). After his claim was denied initially and upon reconsideration, Plaintiff filed a request for a hearing; on March 30, 2011, the ALJ conducted a hearing at which Plaintiff, who was accompanied by a non-attorney representative, appeared and testified. (Id. at p. 18). An impartial vocational expert, Ronald J. Spitznagel, also appeared at the hearing. (Id.). The ALJ issued an unfavorable decision and the Appeals Council denied

Plaintiff's request for review of the ALJ's decision, thus the decision of the ALJ became the final decision of the Commissioner for judicial review. (Id. at p. 7).

Plaintiff, born on April 6, 1971, was thirty-nine (39) years old when the ALJ issued his final decision. He is a high school graduate and previously worked as a Head Corrections Officer, a Correctional Officer, and a Training Representative. (Id. at p. 33).

## **ALJ'S FINDINGS**

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential

evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset of disability, January 20, 2006, through the date of the ALJ's decision, May 20, 2011. (Doc. No. 6-2, p. 21). At step two, the ALJ determined that Plaintiff had the following conditions considered "severe" under the Regulations: Crohn's disease, which has been in remission since April, 24, 2009; and a mood disorder. (Id.). The ALJ found Plaintiff's alleged marijuana use, lung scarring, and borderline cardiomegaly to be "nonsevere impairments". (Id. at p. 22). The ALJ determined that Plaintiff's alleged kidney stones, chest pain, Achilles tendinitis, pneumonias, and headaches failed to meet the durational requirements of the Regulations and that there was no documented medical evidence of Plaintiff's claimed back pain, rheumatoid arthritis, and arthritis. (Id.). At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. (Id. at p. 23). The ALJ found that Plaintiff had the residual functional capacity to perform work at the medium exertional level, with the following limitations: he can spend up to one-third of the day with the general public, co-workers, and supervisors; he is better with objects rather than people; he

requires a low-stress job; and a job with fairly close access to a bathroom. (Id. at p. 23). At the fourth step, the ALJ determined that Plaintiff is unable to perform any past relevant work. (Id. at pp. 32-33). However, at the fifth and final step, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. (Id. at p. 33).

## ISSUES PRESENTED

Plaintiff asserts that: (1) the ALJ erred by discrediting Plaintiff's testimony concerning his ongoing pain, and in failing to find Plaintiff disabled as a matter of law because of pain and other symptoms; and (2) that the Appeals Council erred in denying review although Plaintiff submitted new evidence he contends disproves the ALJ's conclusion that he is not disabled.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

AO 72A
(Rev. 8/82)

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838–39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Plaintiff's assertion that the ALJ erred by discrediting Plaintiff's testimony and in failing to find Plaintiff disabled as a matter of law because of pain and other symptoms**

Plaintiff claims that the ALJ "ignored evidence that supported [Plaintiff's] ongoing pain, relying instead on his mischaracterization of [Plaintiff's] testimony and the evidence to find [Plaintiff] not disabled." (Doc. No 9, p. 20). Plaintiff avers that the ALJ improperly discredited Plaintiff's testimony. Plaintiff also asserts that the ALJ did not apply the correct legal standard regarding pain in evaluating his testimony.

The ALJ noted that Plaintiff alleged his Crohn's disease rendered him disabled. (Doc. No. 6-2, p. 24). The ALJ also examined the following other complaints Plaintiff alleged: weight loss, fatigue, abscesses around rectum, "accidents" in his clothes, bowel movements which occur 5-7 times per day, bipolar disorder, depression, joint pain, hip pain, and drainage from abscesses. (Id.). Plaintiff alleges that the ALJ "gives reasons for rejecting claimant's pain, but the reasons are not supported by substantial

AO 72A
(Rev. 8/82)

evidence." (Doc. No. 11, p. 6). However, the ALJ explicitly chronicled each of Plaintiff's complaints and specifically cited to the evidence in the record upon which he relied in determining Plaintiff's claims were incredible. It is clear from the ALJ's opinion that he considered Plaintiff's subjective complaints of pain and other symptoms and applied the appropriate legal standard to those complaints.

In order to establish disability based on testimony of pain and other symptoms, a social security disability benefits claimant must show: (1) evidence of underlying medical condition; and (2) either (a) objective medical evidence confirming severity of alleged pain, or (b) that objectively determined medical condition could reasonably be expected to give rise to claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). Even if the administrative law judge finds that a claimant has met this standard, he may still reject the claimant's complaints of pain if he finds them not credible. See 20 C.F.R. § 404.1529(a), (c). If a plaintiff "testifies as to his subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms."[1] Dyer, 395 F.3d at 1210 (quoting Foote v. Chater, 67 F.3d 1553, 1561–62 (11th Cir.1995)). "Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court." Id. (internal citation omitted). An ALJ's credibility determination need not "cite 'particular phrases or formulations'[,] but it cannot merely be a broad rejection which is 'not enough to enable

---

[1] This requirement is not as stringent as it seems. The Court of Appeals for the Eleventh Circuit has upheld an administrative law judge's credibility finding regarding a claimant's testimony as to her limitations as sufficient, even when that finding is only implied, when "it is clear" and the administrative law judge "considered [the claimant's] subjective complaints in light of the record as a whole and adequately explained his decision not to fully credit [the claimant's] alleged limitations on her ability to work." Brown v. Comm'r of Soc. Sec., 442 F. App'x 507, 514 (11th Cir. 2011).

6

[a reviewing court] to conclude that [the ALJ] considered [a plaintiff's] medical condition as a whole.'" Id. at 1210–11 (quoting Foote, 67 F.3d at 1561). A reviewing court will not disturb a clearly articulated credibility finding without substantial supporting evidence in the record. Hale v. Bowen, 831 F. 2d 1007, 1012 (11th Cir. 1987).

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but determined that "claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extend they are inconsistent with the above residual functional capacity assessment." (Doc. No. 6-2, p. 25). The ALJ stated that "the Record reveals that although some of [Plaintiff's] statements are credible regarding his Crohn's disease at the time when it was not in remission, the objective findings fail to support a conclusion that [Plaintiff] is totally disabled." (Id. at p. 32). The ALJ summarized Plaintiff's complaints and the evidence regarding his Crohn's disease, abscesses, and fistulas, stating:

> the objective medical evidence of Record [ ] shows [Plaintiff] alleged an onset date of disability on January 20, 2006; yet there is no evidence of any rectal abscesses or fistulas or any symptoms related to Crohn's disease in the medical evidence for that year. In 2007 he had 3 abscesses and 3 fistulas in 2007 and he had 3 abscesses in 2008; 2 abscesses in 2009; and no abscesses from March 5, 2009, to present – a period of 2 years and 2 months. This shows [Plaintiff's] Crohn's disease greatly improved from 2007 to 2008 and then a colonoscopy dated April 24, 2009, showed complete remission of his Crohn's disease. Yet, [Plaintiff's] subjective allegations have greatly increased.

(Id.). Plaintiff takes exception to the ALJ's synopsis of his medical history, and claims that the ALJ did not consider the pain Plaintiff reported at his various medical visits. But, Plaintiff does not dispute the accuracy of the evidence the ALJ cited in making his conclusions. Plaintiff further objects to the ALJ's conclusion on this point because "the

7

ALJ failed to acknowledge or address the narcotic pain medications that were necessary to address [Plaintiff's] pain." (Doc. No. 9, p. 22). Yet, the ALJ specifically stated that Plaintiff's Crohn's disease "fails to meet the criteria of Listing 5.06B4 because claimant does not experience pain that is not *completely controlled* by narcotic pain medication." (Doc. No. 6-2, p. 22) (emphasis added). The ALJ clearly considered the Plaintiff's use of pain medication.

The ALJ also examined Plaintiff's claims that bowel accidents, which occurred 5-7 times a day, contributed to his disability. After chronicling Plaintiff's medical records regarding Plaintiff's bowel movements, the ALJ determined that Plaintiff reported to his physicians one accident from January 20, 2006 through the date of the report; and noted that Plaintiff's physician, Dr. Irfan, stated in his April 24, 2009, notes that Plaintiff reported "fairly regular bowel movements and denied any anal drainage. Setons were in place and [Dr. Irfan] noted that [Plaintiff] occasionally had diarrhea." (Id. at p. 27). While Plaintiff takes issue over the ALJ's statement that Plaintiff experienced 5-7 "accidents" per day rather than 5-7 "bowel movements" per day, it is clear from the record that the ALJ was aware that Plaintiff's testimony reported 5-7 bowel movements. See Doc. No. 6-2, p. 24.

The ALJ went on to address the Plaintiff's claims of disability caused by weight loss, fatigue, and joint and hip pain. In reference to each complaint, the ALJ cited to specific evidence from Plaintiff's medical records undermining Plaintiff's credibility. The ALJ found that, from the medical records, Plaintiff's weight "appears to be stable," Plaintiff "was never diagnosed with, nor complained of fatigue to any of his treating physicians," and that "there is no documentation (x-ray, MRI, etc.) of any abnormality

due to [Plaintiff's] hip or any other joints in the medical evidence of record." (Id. at p. 27). Plaintiff contends that the ALJ stated there was *no* documentation of any abnormality related to hip or joint pain and ignored Dr. Irfan's opinion that Plaintiff suffers from joint pain due to Crohn's arthritis, but the record shows that Plaintiff's argument is not accurate. The ALJ actually concluded that there was no evidence, in the form of laboratory findings, to support Plaintiff's claims on this point. The ALJ had previously examined laboratory results allegedly supporting Plaintiff's claims of pain related to arthritis, and determined that there is "no evidence of documentation from blood work, x-rays, MRI's, etc. establishing the existence of arthritis." (Id. at p. 22). The ALJ also noted that Plaintiff's prior sedimentation tests were normal, and his c-reactive protein tests reflected normal ranges as well. (Id.).

Finally, Plaintiff argues the ALJ incorrectly found Plaintiff's testimony concerning his alleged mental disorders and functional limitations incredible. The ALJ specifically documented the evidence in the record of Plaintiff's mental health history. The ALJ summarized that the "[m]ental health center records show basically no functional limitations as corroborated by the Record and by two different State Agency psychologists, both of whom opined that [Plaintiff's] mental impairment to be nonsevere. The undersigned has given [Plaintiff] every possible benefit of the doubt in finding this impairment severe despite the lack of any functional limitations in the medical evidence of Record." (Doc. No. 6-2, p. 32). Further, in considering Plaintiff's claims that he cannot sit for 14 days per month and he is confined to his bed 12-15 days per month, the ALJ found that there is "no evidence in the Record to corroborate [Plaintiff's] subjective allegations." (Id. at p. 28). The ALJ also pointed to

inconsistencies in Plaintiff's testimony which contributed to his conclusion that "[i]t appears [Plaintiff] has not fully disclosed his activities of daily living." (Id.). The ALJ explained the evidence in the record he relied on in determining Plaintiff's credibility: Plaintiff's deeply tanned appearance, despite claims that he could not leave the home except on rare occasion; Plaintiff's inconsistent statements concerning the reason he lost his job as a prison supervisor; Plaintiff's inconsistent statements concerning his use of marijuana, cigarettes, and alcohol; Plaintiff's attempts at work activity; and Plaintiff's testimony concerning his ability to take part in daily activities. (Id. at pp. 28-32). Considerations of Plaintiff's daily living were properly made by the ALJ. See Conner v. Astrue, 415 F. App'x 992, 995 ("A claimant's daily activities may be considered in evaluating and discrediting a claimant's subjective complaints.").

In sum, the ALJ systematically articulated his reasons for rejecting Plaintiff's subjective complaints of pain. The ALJ applied the appropriate legal standard and clearly articulated "explicit and adequate reasons for discrediting Plaintiff's testimony. Dyer, 395 F.3d at 1210. The ALJ's reasons for discrediting Plaintiff's pain testimony are supported by substantial evidence in the record. "The ALJ made a reasonable decision to reject [Plaintiff's] subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so." Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002).

II. **Plaintiff's assertion that the Appeals Council erred in denying review although Plaintiff submitted new evidence he contends disproves the ALJ's conclusion that he is not disabled**

Plaintiff submitted new evidence to the Appeals Council – medical records dating from April 2011 through May 2012. Plaintiff argues that these records

AO 72A
(Rev. 8/82)

undermine the evidence upon which the ALJ relied in making his decision. Plaintiff contends that the Appeals Council perfunctorily dealt with the newly submitted evidence and "made its boilerplate statement that the information did not provide a basis for changing the ALJ's decision." (Doc. No. 9, pp. 27-28).

"The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007).

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). The decision of the ALJ is reviewed "as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999). The new evidence is material, and thus warrants a remand, if "there is a reasonable possibility that the new evidence would change the administrative outcome." Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir.1987). Thus, "[i]n order to prevail on a claim that remand is appropriate, a claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for failure to submit the evidence at

AO 72A
(Rev. 8/82)

the administrative level." Hyde, 823 F.2d at 459 (11th Cir.1987) (internal quotations omitted).

Plaintiff cites to the Eleventh Circuit's decision in Flowers v. Comm'r of Soc. Sec., 441 Fed. App'x 735 (11th Cir. 2011), to support his argument that the Appeals Council failed to adequately evaluate the new evidence. In Flowers, the Eleventh Circuit concluded that the Appeals Council did not adequately consider the claimant's new evidence when "apart from acknowledging that [claimant] had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it." Id. at 745. However, Plaintiff fails to mention the next sentence: "[f]urthermore, there is a reasonable probability that [plaintiff's] new evidence would change the ALJ's decision." Id. Thus, Flowers is distinguishable because, as outlined below, had Plaintiff's additional evidence relating to the relevant time period - January 20, 2006 through May 20, 2011 – been considered there is no reasonable probability that the ALJ's decision would have been different.

In denying review of the ALJ's decision, the Appeals Council stated that it had considered the newly submitted evidence but was denying review because that evidence did not provide a basis for overturning the ALJ's decision. (Doc. No. 6-2, p. 8). Although Flowers found that remand was required because the Appeals Council "perfunctorily adhered" to the ALJ's decision, remand is not necessary here. While the Appeals Council may have used standard boilerplate language, the Eleventh Circuit has previously found such a statement by the Appeals Council sufficient to demonstrate it did not err in failing to consider the new evidence. For example, in Burgin v. Comm'r of Soc. Sec., 420 Fed. App'x 901 (11th Cir. 2011), the Eleventh

12

Circuit found that, contrary to the claimant's argument, the Appeals Council "was not required to explain its denial of review." Id. at 903 (finding the Appeals Council also did not err in refusing the remand because the newly submitted evidence was of little probative value and did not render the denial of benefits erroneous). [2]

The Commissioner submits that the Appeals Council was not required to consider the majority of the new medical records presented by Plaintiff because they do not relate to the relevant time period - on or before the date of the ALJ's decision. (Doc. No. 10, p. 12). The ALJ's decision is dated May 20, 2011. The Commissioner contends that only one record is dated prior to May 20, 2011. This record created by Dr. Medlock and dated April 18, 2011, states: "[Plaintiff] developed an anal fistula. Wound is healing well. He may resume normal activity, and I will see him back as needed." (Doc. No. 6-10, p. 99). The Commissioner argues that this record does not undermine the substantial evidence contained in the record which supports the ALJ's decision that Plaintiff was not disabled. The Commissioner maintains that "Plaintiff's condition after [May 20, 2011], even if it worsened, does not reduce the substantial evidence that supported the ALJ's decision." (Doc. No. 10, p. 13). Plaintiff contends that the newly submitted medical record from April 2011 proves that Plaintiff's Crohn's disease was

---

[2] See also Ingram, 496 F.3d at 1262 (rejecting claimant's argument that the Appeals Council failed to consider her new evidence when the Appeals Council accepted the new evidence but denied review because it found no error in the opinion of the ALJ); Mansfield v. Astrue, 395 Fed. App'x 528, 530 (11th Cir. 2010) (rejecting claimant's argument that the Appeals Council was required to explain in non-conclusory terms why the additional evidence would not have changed the administrative result and instead finding that Appeals Council's statement that it considered the evidence but denied review because it did not provide a basis for overturning the ALJ's decision was sufficient because under Ingram, the reviewing court must evaluate claimant's evidence anew); Barclay v. Comm'r of Soc. Sec. Admin., 274 Fed. App'x 738, 734 (11th Cir. 2008) (finding that the record established the Appeals Council considered claimant's new evidence when it stated that it "considered the reasons [claimant] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council").

coming out of remission prior to the ALJ's decision. (Doc. No. 11, p. 6). The medical records, however, do not bear this out. Dr. Medlock advised Plaintiff that he was able to resume normal activity. Such advice from Plaintiff's physician undercuts Plaintiff's suggestion that this lone medical record demonstrates Plaintiff's Crohn's disease was coming out of remission in April. Although it may be true that "[b]y late November 2011, [Plaintiff's] condition had deteriorated . . . [and] fistulas and abscesses were again recurring regularly," (Doc. No. 11, p. 7), medical evidence occurring after the date of the ALJ's decision is not properly considered by the Appeals Council. See Wilson, 179 F.3d at 1279 (determining that a medical form completed approximately one year after the ALJ's decision was not probative of any issue in the case). The undersigned agrees with the Commissioner's position on the newly submitted evidence. The Appeals Council did not err in denying review because, even considering this one medical record relevant to the time period for which Plaintiff applied for disability benefits, the ALJ's decision is supported by substantial evidence and is not contrary to the weight of evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

14